Harris, J.,
delivered the opinion oi the Court.
At the January Term of the Circuit Court for the *345 County of Coffee, R. W. Casey, the collector of the railroad tax for said county, made his reports for the years 1853 and 1854, of certain tracts of land and town lots lying in Coffee county, as having been given in for the taxes; that the taxes thereon remain due and unpaid; and the respective owners or claimants thereof have no goods or chattels in said county, on which he could destrain for said taxes; which tracts of land and town lots are described as follows, to wit:
“Eli Hill, one tract of land, containing 385 acres, lying in civil district No. 1, valued at $200; taxes, $1 00.” To whom granted, or in whose name entered, I have no means of ascertaining.
“B. F. Duggan, one town lot, lying in the village of Bush Grove, valued at $400; taxes, $2 00.” “John Heniford, one town lot in the town of Hillsborough.” If numbered, I have no knowledge of it, etc. There were other tracts of land reported as above, and also giving the names of the persons “ to whom granted, or in whose name entered;” and town lots giving, in addition to the above description, the “ numbers” of the respective lots. Upon all these tracts of land and town lots described as last mentioned, his Honor, the Circuit Judge, entered judgment of condemnation, and ordered them to be sold to satisfy the taxes, cost, and charges due respectively. But as to the other tracts of land and town lots mentioned in said report, and described as those first mentioned, the Court refused to give judgment of condemnation, upon the ground that they were not sufficiently described, as required by .the act of Assembly, passed the 18th *346 day of January, 1844, ch. 92. To which opinion of the Court, refusing said judgment, E. E. Thacker, the Trustee for said county, appealed to 'this Court.
The solution of the question presented, depends upon a proper construction of § 3 of the act above referred to, which provides “ that it shall be the duty of the sheriff, in his report to Court, besides stating that the land lies in the county, to state the civil district or districts in which said land lies, to whom, granted, or in whose name entered, the quantity of acres, as near as may he, which shall be a sufficient description; and in cases of town lots, the name of the town and the number of the lot shall be a sufficient description; and no sale shall be avoided on account of‘any objections or informalities merely technical, but such sales shall be good and valid, if the foregoing re-, quisites he substantially complied with; and the description contained in the sheriffs report shall be given in the advertisement.”
This statute is imperative, and its meaning cannot be misunderstood. To give validity to the proceedings, it is essential that its requirements should be complied with.
As the statute has not made an exception authorizing the omission 1 of the name of “ the person to whom granted, or in whose name entered,” (either would be sufficient,) or the number of the town lot, where these facts are not within the knowledge of the collector, the Court can make none.
Should it be thought necessary to dispense with these requirements, the Legislature has the power to do' so; the Court has not.
*347 The Circuit Court having given this construction to the statute, there is no error in the judgment, and it is affirmed.